1   J. OWEN CAMPBELL (State Bar No. 229976)
    joc@severson.com
2   SEVERSON & WERSON, A Professional Corporation
    19100 Von Karman Avenue, Suite 700
3   Irvine, California 92612
    Telephone: (949) 442-7110     Facsimile: (949) 442-7118
4
    MARK JOSEPH KENNEY (State Bar No. 87345)
5   mjk@severson.com
    MARY KATE SULLIVAN (State Bar No. 180203)
6   mks@severson.com
    SEVERSON & WERSON, A Professional Corporation
7   One Embarcadero Center, Suite 2600
    San Francisco, California 94111
8   Telephone: (415) 398-3344     Facsimile: (415) 956-0439

9   Attorneys for Defendants
    THE BANK OF NEW YORK MELLON fka The Bank of New York, as
10  Trustee for the Holders of Structured Asset Mortgage Investments II
    Trustee 2006-AR8, Mortgage Pass-through Certificates, Series 2006-AR8;
11  BANK OF AMERICA, N.A., on its own behalf and as successor by
    merger to BAC Home Loans Servicing, LP fka Countrywide Home Loans
12  Servicing, LP (erroneously sued as Bank of America and Countrywide
    Home Loans); NATIONSTAR MORTGAGE, LLC; RECONTRUST
13  COMPANY, N.A. (erroneously sued as ReconTrust Company); and
    MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

14              **UNITED STATES DISTRICT COURT**

15            **SOUTHERN DISTRICT OF CALIFORNIA**

16  | DOUGLAS MAXWELL and BRENDA MAXWELL, | Case No. 3:14-cv-00066-JAH-NLS |

DOUGLAS MAXWELL and BRENDA
MAXWELL,

          Plaintiffs,

     vs.

THE BANK OF NEW YORK
MELLON FKA THE BANK OF NEW
YORK AS TRUSTEE FOR THE
HOLDERS OF STRUCTURED
ASSET MORTGAGE INVESTMENTS
II TRUSTEE 2006-AR8, MORTGAGE
PASS-THROUGH CERTIFICATES,
SERIES 2006-AR8; BANK OF
AMERICA, WELLS FARGO BANK,
N.A., NATIONAL ASSOCIATION;
PLAZA HOME MORTGAGE, INC.,
COUNTRYWIDE HOME LOANS,
NATIONSTAR MORTGAGE, LLC,
RECONTRUST COMPANY;
MORTGAGE ELECTRONIC
REGISTRATION SYSTEMS, INC.;
and DOES 1-100, Inclusive,

          Defendants.

Case No. 3:14-cv-00066-JAH-NLS
Hon. John A. Houston
Ctrm. 13B (Annex)

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

Date:   May 19, 2014
Time:   2:30 p.m.
Crtrm.: 13B

Action Filed:   January 9, 2014
Trial Date:     None Set

# TABLE OF CONTENTS

**Page**

I.   INTRODUCTION ..................................................................................................... 1

II.  FACTS ...................................................................................................................... 1

III. LEGAL ARGUMENT ............................................................................................. 2

   A.   The First and Second Claims, for Fraud, Fail as a Matter of Law ......... 2

        1.   They are time-barred.................................................................... 2

        2.   Moving parties did not make the alleged misrepresentations ........................................................................ 3

        3.   The fraud claims are not pled with the required specificity ........ 4

   B.   The Third Claim Fails ........................................................................... 5

        1.   Moving Parties did not provide the loan ..................................... 5

        2.   The statute of limitations has expired.......................................... 5

        3.   There was no duty to protect Plaintiffs from borrowing too much................................................................................................. 5

   C.   The Fourth Claim Fails Because Enforcing a Loan Is Not IIED ........... 6

   D.   Plaintiffs Plead No Basis for the Fifth Claim for Negligent Infliction ................................................................................................. 7

   E.   The Sixth Claim for Violation of RESPA and TILA Fails..................... 8

        1.   Other than the title, the sixth claim does not even mention TILA ............................................................................................. 8

        2.   The RESPA (and TILA) claims are time-barred......................... 8

        3.   No QWR was sent to BONY, Nationstar, ReconTrust, or MERS ............................................................................................ 9

   F.   The Seventh Claim Fails with the Sixth ................................................ 9

   G.   The Eighth Claim Fails to Allege Unfair/Unconscionable Activity.................................................................................................... 9

   H.   The Ninth Claim Fails Because There Is No Foreclosure ................... 10

   I.   The Tenth Claim Fails Because There Is No Right to Loan Modification.......................................................................................... 10

   J.   The Eleventh Claim Fails...................................................................... 11

1.   The 17200 claim fails with the prior claims ...............................11

2.   Plaintiffs lack standing under section 17204 ..............................11

K.   The Twelfth Claim Fails: the Substitution of Trustee Was Recorded And the Allegations Regarding the Notice of Trustee's Sale Are Moot Because the Noticed Trustee's Sale Was Cancelled in 2012 ...................................................................................12

IV.   CONCLUSION ............................................................................12

1

## <u>TABLE OF AUTHORITIES</u>

2
                                                                                                  **Page(s)**
3     CASES

4     *24 Hour Fitness, Inc. v. Superior Court*,
5            66 Cal. App. 4th 1199 (1998) .................................................................... 3

6     *Alcorn v. Anbro Engineering, Inc.*,
7            2 Cal. 3d 493 (1970) ................................................................................. 7

8     *Altman v. PNC Mortg.*,
             850 F.Supp.2d 1057 (E.D. Cal. 2012) ..................................................... 8
9
      *Baker v. Beech Aircraft Corp.*,
10           96 Cal. App. 3d 321 (1979) ...................................................................... 3

11    *Beach v. Ocwen Fed. Bank*,
12           523 U.S. 410 (1998) .................................................................................. 9

13    *Berkley v. Dowds*,
14           152 Cal. App. 4th 518 (2007) ................................................................... 7

15    *Cantu v. Resolution Trust Corp.*,
16           4 Cal. App. 4th 857 (1992) ....................................................................... 6

17    *Cochran v. Cochran*,
18           65 Cal. App. 4th 488 (1998) ..................................................................... 6

19    *Desaigoudar v. Meyercord*,
20           223 F.3d 1020 (9th Cir. 2000) .................................................................. 4

21    *Dummar v. Lummis*,
             543 F.3d 614 (10th Cir. 2008) .................................................................. 4
22
      *Edwards v. First Am. Corp.*,
23           517 F.Supp.2d 1199 (C.D. Cal. 2007) ..................................................... 8

24    *Hamilton v. Greenwich Investors XXVI, LLC*,
25           195 Cal. App. 4th 1602 (2011) ............................................................... 10

26    *Huggins v. Longs Drug Stores Cal., Inc.*,
27           6 Cal. 4th 124 (1993) ............................................................................... 7

28

*Jenkins v. JP Morgan Chase Bank, N.A.*,
   216 Cal. App. 4th 497 (2013) ........................................................................ 11

*Jurewitz v. Bank of America, N.A.*,
   938 F.Supp.2d 994 (2013) ............................................................................. 11

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009) ......................................................................... 4

*Krantz v. BT Visual Images, L.L.C.*,
   89 Cal. App. 4th 164 (2001) .......................................................................... 11

*Kruse v. Bank of America*,
   202 Cal. App. 3d 38 (1988) ............................................................................. 7

*Kwikset Corp. v. Superior Court*,
   51 Cal. 4th 310 (2011) .................................................................................. 11

*Lueras v. BAC Home Loans Servicing, LP*,
   221 Cal. App. 4th 49 (2013) .......................................................................... 11

*Mabry v. Superior Court*,
   185 Cal. App. 4th 208 (2010) ........................................................................ 10

*Nally v. Grace Community Church*,
   47 Cal. 3d 278 (1988) ..................................................................................... 6

*Parsons v. Tickner*,
   31 Cal. App. 4th 1513 (1995) .......................................................................... 3

*Perlas v. GMAC Mortgage, LLC*,
   187 Cal. App. 4th 429 (2010) ....................................................................... 5, 6

*Ponderosa Homes, Inc. v. City of San Ramon*,
   23 Cal. App. 4th 1761 (1994) .......................................................................... 3

*Potter v. Firestone Tire & Rubber Co.*,
   6 Cal. 4th 965 (1993) .................................................................................... 7, 8

*Sagehorn v. Engle*,
   141 Cal. App. 4th 926 (2006) .......................................................................... 3

*Stebley v. Litton Loan Servicing, LLP*,
   202 Cal. App. 4th 522 (2011) .......................................................................... 7

*Swartz v. KPMG LLP*,
   476 F.3d 756 (9th Cir. 2007) ........................................................................ 4

*Tina v. Countrywde Home Loans, Inc.*
   2008 WL 4790906 (S.D. Cal. 2008) ............................................................ 10

*Yurick v. Superior Court*,
   209 Cal. App. 3d 1116 (1989) ...................................................................... 6

STATUTES

12 U.S.C.
   § 2605 .............................................................................................................. 9
   § 2614 .......................................................................................................... 8, 9

15 U.S.C.
   § 1635(f) .......................................................................................................... 9
   § 1640(e) .......................................................................................................... 9
   § 1692(f) ........................................................................................................ 10

California Business and Professions Code
   § 17200 (the "UCL") ...................................................................................... 11
   § 17204 .......................................................................................................... 11

California Financial Code
   § 50505 ............................................................................................................ 9

Civil Code
   § 2923.4(a) .................................................................................................... 10
   § 2923.5 ........................................................................................................ 10
   § 2923.6 ........................................................................................................ 10
   § 2924.12(c) .................................................................................................. 10

Code Civ. Proc.
   § 335.1, 338(c) ................................................................................................ 5
   § 338(d) ............................................................................................................ 2

Fair Debt Collection Practices Act, 15 U.S.C.
   § 1692 ("FDCPA") .......................................................................................... 9

Real Estate Settlement Procedures Act, 12 U.S.C.
   §§ 2604, et seq. ("RESPA") ............................................................................ 8

iii

Rosenthal Fair Debt Collections Practices Act, Civ. Code
§ 1788 ("RFDCPA")..................................................................................9

Truth in Lending Act, 15 U.S.C.
§§ 1601, et seq. ("TILA") ......................................................................8, 9

**OTHER AUTHORITIES**

Federal Rule of Civil Procedure 9(b) ..................................................................4

# I.

# INTRODUCTION

Plaintiffs borrowed $355,000 and secured the repayment of the loan with a deed of trust on their real property.  Plaintiffs have been in default on the loan for many years, and the loan is due for the October 1, 2008 monthly payment.  Plaintiffs rejected a loan modification in 2011, and further loan modification review has not resulted in the loan modification to which Plaintiffs believe they are entitled.  Plaintiffs filed this action to further delay foreclosure.

Each of Plaintiffs' twelve claims fails as a matter of law.  Many of the claims relate to alleged wrongs that took place at the time Plaintiffs obtained the loan in 2006.  But Plaintiffs admit that none of the moving defendants was the lender in that transaction.  In any event, all of those claims are barred by their respective statutes of limitations.  Plaintiffs' claim that they are entitled to a loan modification is incorrect, and none of Plaintiffs' other allegations state a claim upon which relief may be granted.  For these reasons and as is set forth in more detail below, the complaint fails as a matter of law and should be dismissed.

# II.

# FACTS

Plaintiffs own real property located in Chula Vista (the "Property").  *See*, Complaint ¶ 35.  In August 2006, Plaintiffs obtained the loan at issue in this case, which was secured by a deed of trust on the Property.  *See*, Complaint ¶ 35; Request for Judicial Notice ("RJN") Ex. 1.[1]

An assignment of deed of trust was recorded on November 14, 2011,

---

[1] The complaint states that the deed of trust is attached as exhibit A—and the complaint references numerous other exhibits—but there are no exhibits attached to the complaint.  Defendants attach the relevant judicially-noticeable documents to their RJN.

1   reflecting an assignment to the new beneficiary of the deed of trust, Defendant The

2   Bank of New York Mellon fka Bank of New York as Trustee for the Holders of

3   Structured Asset Mortgage Investments II Trust 2006-AR8, Mortgage Pass-Through

4   Certificates, Series 2006-AR8 ("BONY").  *See*, Complaint ¶ 39; RJN Ex. 2.

5        A substitution of trustee was recorded on April 4, 2012, replacing the original

6   trustee under the deed of trust with Defendant ReconTrust Company.  *See*, RJN Ex.

7   3.

8        Plaintiffs defaulted on the loan and a notice of default was recorded on April

9   12, 2012.  *See*, Complaint ¶¶ 40, 117; RJN Ex. 4.  A notice of trustee's sale was

10  recorded on July 9, 2012.  *See*, Complaint ¶ 41; RJN Ex. 5.  No trustee's sale went

11  forward, and instead on November 15, 2012, a notice of rescission of the notice of

12  default was recorded.  *See*, Complaint ¶ 42; RJN Ex. 6.  There has been no further

13  foreclosure activity.

14       Plaintiffs allege that the loan initially was serviced by Countrywide, and later

15  by Bank of America.  *See*, Complaint ¶¶ 6-8.  Plaintiffs allege that Bank of America

16  offered them a loan modification in March 2011, but Plaintiffs believe that the

17  modification was not good enough.  *See*, Complaint ¶ 11.  Plaintiffs allege that their

18  most recent loan modification application was denied in December 2012.  *See*,

19  Complaint ¶ 14.

20                            **III.**

21                      **LEGAL ARGUMENT**

22  **A.    The First and Second Claims, for Fraud, Fail as a Matter of Law**

23         **1.    They are time-barred**

24       The first and second claims are for fraud.  Plaintiffs allege that their lender—

25  not the moving defendants—misrepresented and did not fully disclose the loan's

26  terms.  These claims are barred by the statute of limitations.

27       The statute of limitations for fraud is three years.  Code Civ. Proc. § 338(d).

28       Plaintiffs obtained the loan in 2006.  Therefore, the fraud statute of limitations

1   expired long ago.

2        Plaintiffs may try to claim that the statute of limitations was tolled.  However,

3   a plaintiff is entitled to equitable tolling only by alleging facts showing that the

4   plaintiff was not aware of, and could not have discovered the violation with

5   reasonable diligence within the applicable time period.  *Sagehorn v. Engle*, 141 Cal.

6   App. 4th 926, 935 (2006) (A plaintiff must show due diligence until discovery of the

7   facts constituting the claim in order to toll the statute of limitations); *Ponderosa*

8   *Homes, Inc. v. City of San Ramon*, 23 Cal. App. 4th 1761, 1768 (1994) (A plaintiff

9   "must plead facts which show an excuse, tolling, or some other basis for avoiding

10  the statutory bar").

11       Plaintiffs have not so pled and cannot make such a showing because they

12  admit signing the loan documents, which contain the terms of the loans that they

13  now claim were too burdensome.

14       "Reasonable diligence requires the reading of a contract before signing it."

15  *24 Hour Fitness, Inc. v. Superior Court*, 66 Cal. App. 4th 1199, 1215 (1998).  When

16  a plaintiff has notice or the opportunity to obtain knowledge from sources open to

17  investigation, the applicable statute of limitations commences to run.  *Baker v.*

18  *Beech Aircraft Corp.*, 96 Cal. App. 3d 321, 327-328 (1979); *see also*, *Parsons v.*

19  *Tickner*, 31 Cal. App. 4th 1513, 1525 (1995).

20       In any event, even if Plaintiffs could allege equitable tolling of the statute of

21  limitations, the claims still have expired.  Plaintiffs defaulted in 2008 and allege that

22  they have been attempting to obtain a modification of the loan's terms since that

23  time.  Therefore, even assuming Plaintiffs had pled delayed discovery (which they

24  have not), the discovery of the loan's allegedly onerous terms took place no later

25  than 2008.  For all these reasons, the first and second claims are barred by the statute

26  of limitations and should be dismissed.

27       **2.      Moving parties did not make the alleged misrepresentations**

28       Plaintiffs' first and second claims are based on the assertion that their lender

1    misrepresented and concealed the loan's true terms from them.  But the complaint

2    admits that Plaintiffs obtained the loan from Plaza Home Mortgage, Inc.—not any

3    of the moving defendants.  *See*, Complaint ¶¶ 35-36; RJN Ex. 1.  Plaintiffs do not

4    allege that any of the moving defendants made any such misrepresentations.  Nor do

5    Plaintiffs plead any factual or other basis for holding moving defendants liable for

6    Plaza Home Mortgage's purported misrepresentations.  For this additional reason,

7    the first and second claims fail as a matter of law.

8            **3.        The fraud claims are not pled with the required specificity**

9            In addition to the above, the first and second claims are not pled with the

10   required specificity.  Federal Rule of Civil Procedure 9(b) imposes an elevated

11   pleading standard for fraud-based claims.  *See*, *Swartz v. KPMG LLP*, 476 F.3d 756,

12   764 (9th Cir. 2007).  Allegations of fraud must include the "time, place, and specific

13   content of the false representations as well as the identities of the parties to the

14   misrepresentations."  *Id.*  "Averments of fraud must be accompanied by the who,

15   what, when, where, and how of the misconduct charged."  *Kearns v. Ford Motor*

16   *Co.*, 567 F.3d 1120, 1124 (9th Cir. 2009) (internal quotation marks omitted).  Only

17   the element of malice may be alleged generally.  Fed. R. Civ. P. 9(b).

18          The requirement that fraud must be pled with a high degree of meticulousness

19   also includes any claim of delayed discovery.  Fed. R. Civ. P. 9(b); *Desaigoudar v.*

20   *Meyercord*, 223 F.3d 1020, 1022-1023 (9th Cir. 2000); *see also*, *Dummar v.*

21   *Lummis*, 543 F.3d 614, 621 (10th Cir. 2008) (to toll statute of limitations even on a

22   non-fraud claim, fraudulent concealment must be pled with particularity).

23          Just as with every other claim in the complaint, the fraud claims are alleged

24   broadly against "defendants" without distinction.  Plaintiffs do not plead who said

25   what, or when, or how any defendant concealed anything from them.  Because

26   Plaintiffs fail to plead their fraud claims with the required specificity, the claims fail

27   as a matter of law.

28

**B.     The Third Claim Fails**

    **1.     Moving Parties did not provide the loan**

    The third claim is for negligence.  Plaintiffs claim that their lender's poor underwriting led to Plaintiffs obtaining a loan that they could not afford.  But as explained above, Plaintiffs' lender was Plaza Home Mortgage—not any of the moving defendants.  *See*, Complaint ¶¶ 35-36; RJN Ex. 1.  Therefore, none of the defendants can be liable in negligence for the purported breach of a duty by Plaza Home Mortgage, and the claim fails as to the moving defendants.

    **2.     The statute of limitations has expired**

    The statute of limitations for negligence as alleged here is either two or three years, depending whether Plaintiffs are alleging injury to themselves or their property.  Code Civ. Proc. § 335.1, 338(c).  In either event, the wrongs Plaintiffs claim took place—if at all—when Plaintiffs obtained the loan in 2006.  Plaintiffs filed this action in 2014.  Therefore the statute of limitations has expired.

    **3.     There was no duty to protect Plaintiffs from borrowing too much**

    In any event, a lender is not liable to the borrower when the borrower borrows too much money.  It is the borrower's decision whether to accept a loan.  *Perlas v. GMAC Mortgage, LLC*, 187 Cal. App. 4th 429, 436 (2010).

    In *Perlas*, the plaintiffs alleged that they provided their true income information to their lender, but that the lender falsely re-wrote their loan applications and gave the plaintiffs a loan that the lender knew plaintiffs could not afford.  *Id*. at 431.  The defendants demurred—accepting these allegations as true—and the trial court sustained the demurrer without leave to amend.  On appeal, the Court of Appeal rejected the plaintiffs' arguments that they could allege causes of action on these facts:

> Absent special circumstances a loan transaction is at arm's length and there is no fiduciary relationship between the borrower and lender.  A commercial lender pursues its own economic interests in lending money.  A lender owes no duty of care to the borrowers in approving their loan.  **A lender is under no duty to determine the borrower's**

**ability to repay the loan.** The lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's.

*Id*. at 436 (internal citations omitted) (emphasis added). Therefore, the Court of Appeal affirmed the trial court's decision sustaining the demurrer without leave to amend.

Here, Plaintiffs allege that the loan was provided without regard to their ability to pay. Even if this allegation were true, it does not state a claim upon which relief may be granted. This is the same allegation made in the *Perlas* case, and the California Court of Appeal has rejected it as a matter of law.

## C.   The Fourth Claim Fails Because Enforcing a Loan Is Not IIED

Plaintiffs' fourth cause of action alleges that the foreclosure proceedings amount to intentional infliction of emotional distress. The claim fails because the alleged conduct is not "extreme and outrageous" as a matter of law.

"The tort of intentional infliction of emotional distress is comprised of three elements: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff suffered severe or extreme emotional distress; and (3) the Plaintiffs' injuries were actually and proximately caused by the defendant's outrageous conduct." *Cochran v. Cochran*, 65 Cal. App. 4th 488, 494 (1998).

To be actionable, the conduct must be "so extreme as to exceed all bounds of that usually tolerated in a civilized community." *Nally v. Grace Community Church*, 47 Cal. 3d 278, 300 (1988). Liability is imposed "only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Cantu v. Resolution Trust Corp*., 4 Cal. App. 4th 857, 888 (1992). "Tortious or even criminal conduct that would give rise to punitive damages for another tort" is often insufficient. *Id*. at 888 n.14. The case law is clear: a plaintiff cannot recover merely because he suffered "hurt feelings." *Yurick*

1    *v. Superior Court*, 209 Cal. App. 3d 1116, 1128 (1989).

2           Whether a defendant's conduct can reasonably be found to be outrageous is a

3    question of law that must initially be determined by the court. *Alcorn v. Anbro*

4    *Engineering, Inc*., 2 Cal. 3d 493, 499 (1970); *Berkley v. Dowds*, 152 Cal. App. 4th

5    518, 534 (2007).

6           "It is simply not tortious for a commercial lender to lend money, take

7    collateral, or to foreclose on collateral when a debt is not paid." *Stebley v. Litton*

8    *Loan Servicing, LLP*, 202 Cal. App. 4th 522, 528 (2011) (emphasis added).  A

9    creditor cannot be subject to liability for infliction of emotional distress when "it has

10   merely pursued its own economic interests and asserted its legal rights." *Kruse v.*

11   *Bank of America*, 202 Cal. App. 3d 38, 67-68 (1988).

12          Here, Plaintiffs allege that they defaulted on the loan by failing to make all

13   required payments, and that the loan was in foreclosure proceedings.  But the loan

14   agreement specifically permits foreclosure when the loan is not repaid according to

15   its terms.  *See*, RJN Ex. 1.  In any event, the notice of default was rescinded more

16   than a year ago, and there are no current foreclosure proceedings of record.  *See*,

17   RJN Ex. 6.  For these reasons, the IIED claim fails.

18   **D.     Plaintiffs Plead No Basis for the Fifth Claim for Negligent Infliction**

19          Plaintiffs' fifth cause of action is for negligent infliction of emotional distress.

20   It fails because there is no factual or legal basis in the complaint to support such a

21   claim.

22          Negligent infliction of emotional distress is not a stand-alone tort.  It "is a

23   form of the tort of negligence, to which the elements of duty, breach of duty,

24   causation and damages apply." *Huggins v. Longs Drug Stores Cal., Inc*., 6 Cal. 4th

25   124, 129 (1993).  "The existence of a duty is a question of law." *Id*.

26          But "there is no duty to avoid negligently causing emotional distress to

27   another, and . . . damages for emotional distress are recoverable only if the

28   defendant has breached some other duty to the plaintiff." *Potter v. Firestone Tire &*

1  *Rubber Co*., 6 Cal. 4th 965, 984 (1993).

2    [U]nless the defendant has assumed a duty to plaintiff in which the
     emotional condition of the plaintiff is an object, recovery is available
3    only if the emotional distress arises out of the defendant's breach of
     some other legal duty and the emotional distress is proximately caused
4    by that breach of duty.  Even then, with rare exceptions, a breach of the
     duty must threaten physical injury, not simply damage to property or
5    financial interests.

6  *Id*. at 985.

7    Here, Plaintiffs' allegations in the complaint do not meet these requirements.

8  The claim also fails for the same reasons as the IIED and negligence claims.

9  Therefore, the fifth cause of action fails and should be dismissed.

10 **E.    The Sixth Claim for Violation of RESPA and TILA Fails**

11   **1.    Other than the title, the sixth claim does not even mention TILA**

12    The sixth claim is for alleged violation of the Truth in Lending Act, 15 U.S.C.

13 §§ 1601, et seq. ("TILA"), and the Real Estate Settlement Procedures Act, 12 U.S.C.

14 §§ 2604, et seq. ("RESPA").  But other than in the title, the sixth claim does not

15 mention TILA at all.  The TILA reference in the title of the claim can therefore be

16 ignored.

17   **2.    The RESPA (and TILA) claims are time-barred**

18    Plaintiffs allege that RESPA was violated in two ways.  First, by a failure to

19 make all required disclosures at the time the loan was originated in 2006.  *See*,

20 Complaint ¶ 95.  Second, by failing to respond to a purported "qualified written

21 request" sent by Plaintiffs to Countrywide in about 2008.  *See*, Complaint ¶¶ 5-8,

22 96.

23    The purported RESPA disclosure claims would be under sections 2607 or

24 2608.  The statute of limitations on those claims is one year.  12 U.S.C. § 2614.  The

25 one year statute begins to run at the time the violation occurs, i.e., at the time of loan

26 origination.  *Id*.; *see*, *Edwards v. First Am. Corp.*, 517 F.Supp.2d 1199, 1204 (C.D.

27 Cal. 2007); *Altman v. PNC Mortg.*, 850 F.Supp.2d 1057 (E.D. Cal. 2012).

28    An alleged RESPA violation for failure to respond to a qualified written

request arises under 12 U.S.C. § 2605. The statute of limitations on such a violation is three years. 12 U.S.C. § 2614. Here, Countrywide's purported failure to respond took place in 2008. *See*, Complaint ¶¶ 5-8.

Therefore, the RESPA claims are barred by the statute of limitations.

To the extent the Court considers TILA, the TILA statutes of limitations have also expired.

The statute of limitations on a claim for rescission based on TILA disclosure violations is three years. 15 U.S.C. § 1635(f); *Beach v. Ocwen Fed. Bank*, 523 U.S. 410 (1998). The statute of limitations on a claim for damages under TILA is one year. 15 U.S.C. § 1640(e).

Plaintiffs obtained the loan at issue in 2006, but did not file this action until 2014. Therefore, any TILA statute of limitations has expired and the TILA claim fails as a matter of law.

**3.      No QWR was sent to BONY, Nationstar, ReconTrust, or MERS**

Independently of the above arguments, Plaintiffs do not even claim to have sent a "qualified written request" to any defendant other than Countrywide (now Bank of America). *See*, Complaint ¶¶ 5-8. Therefore, Plaintiffs' RESPA claim fails as to BONY, Nationstar, ReconTrust, and MERS.

**F.      The Seventh Claim Fails with the Sixth**

The seventh claim is for alleged violation of California Financial Code section 50505, purely based on an alleged violation of RESPA. Since Plaintiffs fail to plead a violation of RESPA, as is set forth above, this claim also fails.

**G.      The Eighth Claim Fails to Allege Unfair/Unconscionable Activity**

The eighth claim is for alleged violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), and California's similar Rosenthal Fair Debt Collections Practices Act, Civ. Code § 1788 ("RFDCPA"). But Plaintiff doesn't actually allege any facts—this appears to just be a generic cause of action to include in all foreclosure-delay cases.

1    Both Acts prohibit unfair and unconscionable means to collect a debt.  *See*, 15
2    U.S.C. § 1692(f).  Plaintiffs just generically state that the foreclosure is generally
3    unfair.  But the deed of trust signed by Plaintiffs specifically provides for
4    foreclosure upon the borrower's failure to repay the loan.  *See*, RJN Ex. 1.  And
5    Plaintiffs admit they are delinquent.  *See, e.g*., Complaint ¶ 117.  So foreclosure and
6    the threat of foreclosure do not violate the Acts.

7    In any event, numerous courts have held that foreclosure does not constitute
8    debt collection.  *See, e.g.*, *Tina v. Countrywde Home Loans, Inc*. 2008 WL 4790906
9    at *6 (S.D. Cal. 2008) (quoting *Hulse v. Ocwen Fed. Bank, FSB*, 195 F.Supp.2d
10   1188, 1204 (D. Or. 2002)).  Therefore, the eighth claim should be dismissed.

11   **H.      The Ninth Claim Fails Because There Is No Foreclosure**

12   Plaintiffs' ninth claim is for alleged violation of Civil Code section 2923.5.
13   Plaintiffs allege that they were not contacted prior to the recording of a notice of
14   default.

15   As an initial matter, it is important to note that the complaint cites section
16   2923.5 as it existed prior to January 1, 2013, when it was revised extensively.  In
17   any event, even if the allegations were true—which they are not—the notice of
18   default was rescinded, and there is no other remedy for a violation of section 2923.5.
19   *Mabry v. Superior Court*, 185 Cal. App. 4th 208, 214, 231 (2010) (pre-2013 statute);
20   *Hamilton v. Greenwich Investors XXVI, LLC*, 195 Cal. App. 4th 1602, 1617 (2011)
21   (pre-2013 statute); Civ. Code § 2924.12(c).  Therefore, the ninth claim fails to state
22   a claim upon which relief can be granted.

23   **I.      The Tenth Claim Fails Because There Is No Right to Loan Modification**

24   The tenth claim alleges that Plaintiffs are entitled to a loan modification under
25   Civil Code section 2923.6.  But the California Legislature explicitly rejected that
26   idea: "Nothing in the act that added this section, however, shall be interpreted to
27   require a particular result of that [foreclosure alternative exploration] process."  Civ.
28   Code § 2923.4(a).  The California Court of Appeal has also held that there is no duty

to offer a loan modification.  *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 67 (2013).  For these reasons, the tenth claim fails as a matter of law and should be dismissed.

**J.      The Eleventh Claim Fails**

**1.      The 17200 claim fails with the prior claims**

The eleventh claim is for alleged violation of California Business and Professions Code section 17200 (the "UCL").  It has no factual allegations of its own, but instead relies upon "the aforementioned statutes and common law as set forth in the Counts to this Complaint."  Complaint ¶ 120.  It therefore fails with the prior claims.  A borrowed 17200 claim stands or falls with the substantive causes of action upon which it is based.  *Krantz v. BT Visual Images, L.L.C*., 89 Cal. App. 4th 164, 178 (2001).  Therefore, the eleventh claim should be dismissed.

**2.      Plaintiffs lack standing under section 17204**

In order to bring a UCL claim, Plaintiffs must first establish standing under Business & Professions Code section 17204.  Section 17204 limits to standing to those who "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., *economic injury*, and (2) show that that economic injury was the result of, i.e., *caused by*, the unfair business practice or false advertising that is the gravamen of the claim."  *Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 322 (2011) (emphasis in original).

Here, there is no current notice of default recorded against the Property, so Plaintiffs are not facing foreclosure and therefore are not facing a loss of money or property.  *See*, *Jurewitz v. Bank of America, N.A*., 938 F.Supp.2d 994, 999-1000 (2013).

But even if they were in foreclosure, they admit they defaulted on the loan.  Thus, their admitted default, not any action taken (or not taken) by Defendants, would trigger the deed of trust's power of sale.  Under these circumstances, Plaintiffs cannot establish UCL standing.  *See*, *Jenkins v. JP Morgan Chase Bank,*

1  *N.A.*, 216 Cal. App. 4th 497, 515 (2013).  The cause of action fails.

2  **K.  The Twelfth Claim Fails: the Substitution of Trustee Was Recorded And the Allegations Regarding the Notice of Trustee's Sale Are Moot Because the Noticed Trustee's Sale Was Cancelled in 2012**

4  The twelfth claim is for alleged violation of Civil Code sections by failing to

5  record a substitution of trustee and by failing to post the notice of trustee's sale at

6  the Property at least 20 days prior to the trustee's sale.

7  But the first allegation is simply wrong—the substitution of trustee under the

8  deed of trust was recorded on April 4, 2012, replacing the original trustee under the

9  deed of trust with Defendant ReconTrust Company.  *See*, RJN Ex. 3.

10  The claim that the notice of trustee's sale was not posted at the Property

11  timely is moot—no trustee's sale ever went forward, so there is no issue concerning

12  lack of notice.  *See*, Complaint ¶ 42; RJN Ex. 6.

13  Therefore, the twelfth claim has no merit and should be dismissed.

14  **IV.**

15  **CONCLUSION**

16  For all the above reasons, the complaint fails to state a claim upon which

17  relief can be granted, and should be dismissed.

18  *//*

19

20  *//*

21

22  *//*

23

24  *//*

25

26  *//*

27

28  *//*

DATED:  March 12, 2014

SEVERSON & WERSON
A Professional Corporation


By:      /s/ J. Owen Campbell
                J. Owen Campbell

Attorneys for Defendants THE BANK OF
NEW YORK MELLON fka The Bank of New
York, as Trustee for the Holders of Structured
Asset Mortgage Investments II Trustee 2006-
AR8, Mortgage Pass-through Certificates,
Series 2006-AR8; BANK OF AMERICA, N.A.,
on its own behalf and as successor by merger to
BAC Home Loans Servicing, LP fka
Countrywide Home Loans Servicing, LP
(erroneously sued as Bank of America and
Countrywide Home Loans); NATIONSTAR
MORTGAGE, LLC; RECONTRUST
COMPANY, N.A. (erroneously sued as
ReconTrust Company); and MORTGAGE
ELECTRONIC REGISTRATION SYSTEMS,
INC.

**CERTIFICATE OF SERVICE**
**Maxwell v. The Bank of New York Mellon, et al.**
**USDC Southern District Case No. 3:14-cv-00066-JAH-NLS**

At the time of service, I was over 18 years of age and not a party to this action.  I am employed in the County of Orange, State of California.  My business address is The Atrium, 19100 Von Karman Avenue, Suite 700, Irvine, CA 92612.

On March 12, 2014, I served true copies of the following document(s):

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

on the interested parties in this action as follows:

| | |
|---|---|
| Francisco J. Aldana, Esq. | Attorney for Plaintiffs |
| Law Offices of Francisco Javier Aldana | Douglas Maxwell and Brenda Maxwell |
| 205 W. Date St. | |
| San Diego, CA  92101 | Telephone:   (619) 236-8355 |
| | Facsimile:   (619) 374-7056 |
| | efile@aldanalawoffice.com |

**BY CM/ECF NOTICE OF ELECTRONIC FILING:**  I electronically filed the document(s) with the Clerk of the Court by using the CM/ECF system.  Participants in the case who are registered CM/ECF users will be served by the CM/ECF system.  Participants in the case who are not registered CM/ECF users will be served by mail or by other means permitted by the court rules.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the bar of this Court at whose direction the service was made.

Executed on March 12, 2014, at Irvine, California.

*Carla Durkee*
———————————————————
Carla Durkee